In re: **ROBBINS INTERNATIONAL, INC., Debtor,**

**Robbins International, Inc., Plaintiff–Appellee,**

v.

**Robbins MBW Corp., Defendant–Appellant.**

**Docket No. 02–5023.**

United States Court of Appeals, Second Circuit.

Feb. 24, 2003.

Melvin Lloyd Robbins, Law Office of Melvin Lloyd Robbins, (Harold S. Berzow, Finkel Goldstein Berzow Rosenbloom &

Nash, LLP, on the brief), New York, NY, for Appellant.

Abraham J. Backenroth, Backenroth, Frankel & Krinsky, LLP, New York, NY, for Appellee.

Present: WALKER, Chief Judge, POOLER, Circuit Judge, and GLEESON, District Judge.*

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Defendant-appellant Robbins MBW Corp. ("MBW") appeals from the March 15, 2002 judgment of the district court affirming the decision of the Bankruptcy Court for the Southern District of New York (Stuart Bernstein, *Chief Judge*) expunging appellant's claims filed against the debtor-plaintiff-appellee Robbins International, Inc. ("R–Intl"). *See Robbins Int'l, Inc. v. Robbins MBW Corp. (In re Robbins Int'l, Inc.),* 275 B.R. 456 (S.D.N.Y. 2002). On appeal to this court, MBW argues that (1) the bankruptcy court's failure to decide MBW's motion for joinder and its failure to join Izzy Ashkenazy ("Izzy") and Robbins Stores, Inc. ("R–Stores") as necessary parties deprived the bankruptcy court of subject matter jurisdiction over the case; (2) the purchase agreement was not ambiguous, and thus the bankruptcy court's resort to parol evidence to interpret the agreement was erroneous; (3) the bankruptcy court's finding that the parties intended to shield R–Intl from liability under the purchase agreement was clearly erroneous and constituted an impermissi-

---

\* The Honorable John Gleeson, of the United States District Court for the Eastern District of New York, sitting by designation.

ble reformation of the contract; (4) the bankruptcy court erred in concluding that R–Intl could not be bound to a pre-incorporation contract absent ratification, and was clearly erroneous in finding that there was no evidence of ratification; (5) R–Intl could be held liable under a theory of conversion based on Izzy's fraud; (6) the bankruptcy court erred in concluding that MBW was not a subrogee to R–Intl's liability for rents to the landlords; and (7) the bankruptcy court erred in denying MBW's motion to bring a derivative suit against Izzy.

This court reviews the district court's action *de novo,* giving the same deference to the bankruptcy court decision as the district court owed. "Because the district court acted as an appellate court in a bankruptcy case, its decision is subject to plenary review." *Schneiderman v. Bogdanovich (In re Bogdanovich),* 292 F.3d 104, 109 (2d Cir.2002). As a result, "[w]e accept [the bankruptcy court's] factual findings unless clearly erroneous, but review [the court's] conclusions of law *de novo."* *Bell v. Bell (In re Bell),* 225 F.3d 203, 209 (2d Cir.2000).

We have reviewed all of the Appellant's contentions on this appeal and find them to lack merit for substantially the reasons stated in the district court's thorough opinion. *See Robbins Int'l,* 275 B.R. 456.

Two of MBW's arguments are raised for the first time on this appeal: (1) MBW's claim that R–Int'l could be held liable for conversion, which claim is waived, *see Baker v. Dorfman,* 239 F.3d 415, 423 (2d Cir. 2000) (holding that an argument raised for the first time on appeal is ordinarily waived); and (2) MBW's claim that the bankruptcy court's failure to join Izzy and R–Stores deprived it of subject matter jurisdiction over the case. Although a claim

that the court lacks subject matter jurisdiction cannot be waived, *see In re Stock Exchs. Options Trading Antitrust Litig.,* 317 F.3d 134 (2d Cir.2003), we reject this claim as meritless. As MBW acknowledges, the only claims as to which Izzy and R–Stores were necessary parties were the contract claims raised by R–Intl in the alternative to its claim for expungement. The only claim decided on the merits by the bankruptcy court, however, was the expungement claim, which the bankruptcy court had severed for trial and for which joinder was unnecessary. Upon ruling in favor R–Intl on that claim, the bankruptcy court dismissed the contract claims as moot. Because the contract claims were dismissed as moot, joinder was never necessary and the bankruptcy court plainly had subject matter jurisdiction. As for the bankruptcy court's failure to explicitly decide MBW's motion for joinder, we would ordinarily remand to the bankruptcy court to resolve the matter in the first instance. In this case, however, it is unnecessary for us to do so because all the claims as to which MBW's joinder motion expressly pertained were dismissed by the bankruptcy court as moot, and, thus, MBW's motion for joinder is also moot.

Accordingly, the judgment of the District Court affirming the decision of the bankruptcy court is **AFFIRMED.**